**FILED
CLERK**

3:20 pm, Apr 10, 2019

**U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE**

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------------X
JOSEPH MAEHR,

                  Plaintiff,

        -against-

NRG HOME SOLAR, a/k/a ROOF
DIAGNOSTICS,

                Defendant.

---------------------------------------------------------X

**MEMORANDUM OF
DECISION & ORDER**
2:16-cv-03897 (ADS)(SIL)

**APPEARANCES:**

**Bernbach Law Firm PLLC**
*Attorneys for the Plaintiff*
707 Westchester Avenue Suite 411
White Plains, NY 10604
      By:    Jason Bernbach, Esq.,
              Jeffrey M. Bernbach, Esq., Of Counsel.

**Kaufman, Dolowich & Voluck, LLP**
*Attorneys for the Defendant*
21 South Main Street, Suite 251
Hackensack, NJ 07601
      By:    Gino Zonghetti, Esq.,
              Kenneth B. Danielsen, Esq.,

60 Broad Street 36th floor
New York, NY 10004
      By:    Gregory Seth Glickman, Esq., Of Counsel.

**SPATT, District Judge**:

This case is slated for trial on May 20, 2019. Presently before the Court is: (1) a motion *in limine* by the Defendant seeking an order barring the introduction of certain evidence and testimony at trial, pursuant to Federal Rules of Evidence 401, 403, 701, 703 and 801; and (2) a motion by the Plaintiff for leave to amend his exhibit and witness lists as delineated in the Joint Pretrial Order pursuant to Federal Rule of Civil Procedure 16(e). For the reasons explained below,

1

the Court grants, in part, and denies, in part the Defendant's motion and grants the Plaintiff's motion.

## I. BACKGROUND

On July 13, 2016, the Plaintiff brought this action, pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101 (the "ADA"), the New York State Human Rights Law, Executive Law § 296, the New York City Human Rights Law, and the Age Discrimination in Employment Act, 29 U.S.C. § 621-634 (the "ADEA") claiming that the Defendant terminated his position as a sales person due to his age and alleged disabilities (psoriatic arthritis and high blood pressure). The Plaintiff premises his ADA claim on the Defendant's alleged failure to provide him with a reasonable accommodation for his alleged disabilities and subsequent termination.

On August 9, 2017, the Court approved the parties' proposed joint pretrial order (the "Joint Pretrial Order"), which included as trial exhibits for the Plaintiff two letters the Plaintiff claims he sent to the Defendant prior to his termination. Both letters are dated August 26, 2014. The Plaintiff claims he mailed the first letter on August 26, 2014 and the second on September 2, 2014, the date of his termination. The content of the letters is similar and, in pertinent part, both state that "[a]fter meeting with [his] Rhumetotologist (sic) and Cardiologist recently…" the Plaintiff was advised to request a reasonable accommodation, which have required the Defendant to permit him to "make [his] own schedule."

On February 7, 2019, the Defendant filed a motion *in limine* to exclude the letters as inadmissible hearsay and to preclude the Plaintiff from testifying as to any medical condition or need for accommodation because of such conditions. As part of its argument, the Defendant noted that the Joint Pretrial Order contained no medical evidence establishing the Plaintiff's disability,

because the Plaintiff never produced medical records during discovery or listed any medical records as exhibits.

In conjunction with his opposition to the Defendant's motion, the Plaintiff, on March 5, 2019, filed a motion to amend the Joint Pretrial Order to add to the exhibit list certain medical records and to the witness list his treating rheumatologist Dr. Max Hamburger and cardiologists Fulvio Mazzauchi and Thomas Falco. The Plaintiff failed to identify these records or witnesses in his Rule 26 disclosures or responses to the Defendant's interrogatories and the Defendant never deposed the witnesses. According to the Plaintiff, he intended to rely upon these exhibits and witnesses at trial all along but omitted them from his submissions to the Joint Pretrial Order due to the neglect of his counsel. Specifically, the Plaintiff's counsel claims that the witnesses and exhibits "were left out in error and that error slipped by them uncorrected" due to a family medical emergency.

## II.  DISCUSSION

### A. AS TO THE MOTION *IN LIMINE*.

"The purpose of a motion *in limine* is to facilitate an efficient trial 'by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial.'" *Pavone v. Puglisi*, No. 08-cv-2389, 2013 WL 245745, at \*1 (S.D.N.Y. Jan. 23, 2013) (quoting *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996)). "Evidence should be excluded on a motion *in limine* only when the evidence is clearly inadmissible on all potential grounds." *Jean-Laurent v. Hennessy*, 840 F. Supp. 2d 529, 536 (E.D.N.Y. 2011) (citation omitted).

The Defendant moves to exclude, first, two letters from the Plaintiff's physicians as inadmissible hearsay, and second, testimony from the Plaintiff as to his medical condition because

he is not competent in that regard. For the reasons that follow, the Court grants, in part, and denies, in part, the Defendant's motion.

   **1.  As to the Defendant's Hearsay Challenge.**

Hearsay is an out-of-court statement offered "to prove the truth of the matter asserted in the statement." Fed.R.Evid. 801(c) (2); *see also United States v. Mergen*, 764 F.3d 199, 206 n. 3 (2d Cir.2014). Hearsay is generally inadmissible. Fed.R.Evid. 802. A statement is not hearsay, however, if the significance of the offered statement "lies solely in the fact that it was made," and "no issue is raised as to the truth of anything asserted." Fed.R.Evid. 801(c) advisory committee's note to 1972 proposed rules; *see also* 2 McCormick on Evidence § 246 (7th ed.2013).

Here, the Plaintiff does not seek to introduce the letters at issue to establish the diagnoses discussed in the letters, but rather that he made a request for an accommodation to the Defendant. ECF 45 at 6–7. In other words, they will be used to prove something other than the truth of the statements in the letters. As long as the Plaintiff introduces the documents for such a non-hearsay purpose, they are admissible. *See Rosioreanu v. City of New York*, No. 07-cv-2925, 2012 WL 666789, at *3 (E.D.N.Y. Feb. 29, 2012) (finding that the plaintiff could introduce memoranda and emails regarding conditions of the plaintiff's employments for "the non-hearsay purpose of proving that she complained about [her coworker's] harassment and defendant knew about these complaints"); *Pugliese v. Long Island R. Co.*, No. 01-cv-7174, 2008 WL 163601, at *2 (E.D.N.Y. Jan. 16, 2008) (admitting statements that a third-party overheard a coworker make offensive statement as proof of whether the defendant declined to discipline that coworker for making offensive statements). To the extent that the Defendant argues that the "only potential basis for the relevance of the letters[] is to establish" his disability given the lack of other evidence tending to prove that element of his claim, ECF 46 at 3–4, the Court notes that this objection amounts to

"little more than a veiled attempt to relitigate" its unsuccessful summary judgment motion. *Rivera v. Inc. Vill. of Farmingdale*, 29 F. Supp. 3d 121, 126 (E.D.N.Y. 2013).

That being said, the Court agrees with the Defendant that the Plaintiff cannot use the letters to prove his disability. Therefore, while the Court will permit the introduction of the letters to prove the Plaintiff made a request for an accommodation, it will exclude them if the Plaintiff attempts to introduce them to prove the truth of the matters asserted in the letters.

### 2. As to the Defendant's Competency Challenge.

Under Federal Rule of Evidence 701, a lay witness can testify only about opinions that are "rationally based on the witness's perception," and "not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701(a), (c). Citing *Grabin v. Marymount Manhattan College*, No. 12-cv-3591, 2015 WL 4040823, at *5 (S.D.N.Y. July 2, 2015), the Defendant argues that the Plaintiff is not competent to testify that he suffers from psoriatic arthritis or high blood pressure and should be barred from providing such testimony at trial. In his opposition, the Plaintiff did not contest that he was incompetent to testify as to the diagnoses of his medical conditions, instead arguing that his motion to amend the Joint Pretrial Order mooted the Defendant's motion. Because the Court is granting leave to amend the Joint Pretrial Order, the Court concurs with the Plaintiff. Nonetheless, the Court finds that (if necessary) the Plaintiff may testify regarding any impairments or limitations he may suffer from but cannot testify that those symptoms arose from his psoriatic arthritis or high blood pressure.

### B. AS TO THE MOTION TO AMEND THE JOINT PRETRIAL ORDER.

For the reasons that follow, the Court grants the Plaintiff's motion to amend the Joint Pretrial Order but will reopen discovery to permit the depositions of Drs. Hamburger, Mazzauchi

and Falco, with the Plaintiff to reimburse the Defendant for any additional costs incurred by the reopening of discovery.

### 1. The Legal Standard.

A motion to amend a pretrial order is governed by Rule 16(e) of the Federal Rules of Civil Procedure. This provision states that "[t]he court may modify the [pretrial] order issued after a final pretrial conference only to prevent manifest injustice." Fed.R.Civ.P. 16(e) (emphasis added). However, despite this language, the relevant precedent in the Second Circuit makes it apparent that "a district court has significant discretion in determining how to apply this directive*." Helena Assocs., LLC v. EFCO Corp.*, No. 06-cv-0861, 2009 WL 2355811, at *2 (S.D.N.Y. July 29, 2009); *see, e.g.*, *Henry v. Department of Transp.*, 69 Fed. App'x. 478, 481 (2d Cir.2003) ("The decision to permit amendment of the proposed joint pretrial order rests within the discretion of the Court and should be granted when 'the interests of justice make such a course desirable.'") (quoting *Madison Consultants v. Federal Deposit Ins. Corp.*, 710 F.2d 57, 62 n. 3 (2d Cir.1983)); *HBE Leasing Corp. v. Frank*, 22 F.3d 41, 45 (2d Cir.1994) ("A trial court is given broad discretion in managing a trial, and this discretion includes a certain amount of latitude to deviate from the terms of the pretrial order." (internal citations omitted)); *Clark v. Pennsylvania R.R. Co.*, 328 F.2d 591, 594 (2d Cir.1964) ("[I]t is a fundamental principle of pretrial that this procedure be flexible, with power reserved to the trial judge to amend the order or permit a departure from strict adherence to the pre-trial statements of either party, when the interests of justice make such a course desirable."); *Santrayll v. Burrell*, No. 91 Civ. 3166, 1998 U.S. Dist. L EX IS 586, at *7–8 (S.D.N.Y. Jan. 22, 1998) ("'Motions to reopen or to modify a pretrial order are addressed to the sound discretion of the trial judge.'" (quoting *Bradford Trust Co. v. Merrill Lynch Fierce, Fenner, and Smith, Inc.*, 805 F.2d 49, 52 (2d Cir.1986))).

"As the commentary to Rule 16(e) notes, although 'pretrial orders should not be changed lightly[,] ... total inflexibility is undesirable.'" *Cross & Cross Properties, Ltd. v. Everett Allied Co.*, 886 F.2d 497, 503 (2d Cir.1989). Thus, the Second Circuit "review[s] a trial court's decision to amend or modify a pretrial order for abuse of discretion." *Potthast v. Metro–North R.R. Co.*, 400 F.3d 143, 153 (2d Cir.2005) (citing *RAPCO, Inc. v. Comm'r*, 85 F.3d 950, 953 (2d Cir.1996); *Dunlap–McCuller v. Riese Org.*, 980 F.2d 153, 158 (2d Cir.1992)); *see also Laguna v. Am. Export Isbrandtsen Lines, Inc.*, 439 F.2d 97, 101–02 (2d Cir.1971) ("We have not viewed ... modification [of proposed pretrial orders] with hostility.").

To determine whether amendment of a pretrial order is appropriate, a court should balance "the need for doing justice on the merits between the parties (in spite of the errors and oversights of their attorneys) against the need for maintaining orderly and efficient procedural arrangements." *Laguna*, 439 F.2d at 101 (quoting 3 J. Moore, Federal Practice & Procedure ¶ 16.20 at 1136 (3d ed.1968)). "The principal consideration is the degree of prejudice faced by the respective parties." *Encyclopedia Brown Prods. V. Home Box Office, Inc.*, No. 91 Civ. 4092, No. 93-cv-1307, 1999 WL 126460, at *2 (S.D.N.Y. March 10, 1999).

The Second Circuit has recently set forth the relevant factors to consider in determining whether a pretrial order should be amended:

> (1) the prejudice or surprise in fact to the opposing party; (2) the ability of the party to cure the prejudice; (3) the extent of disruption of the orderly and efficient trial of the case; and (4) the bad faith or willfulness of the non-compliance party. Prejudice to the party seeking amendment or modification of the order is also relevant, as a trial court should not refuse to modify a pre-trial order where manifest injustice will result.

*Potthast*, 400 F.3d at 153 (citing *RAPCO, Inc.*, 85 F.3d at 953); *see id.* at 156 (reaffirming the need for district courts to allow flexibility in allowing revisions to pretrial orders); *Vogelfang v. Riverhead Cnty. Jail*, No. 04-cv-1727, 2012 WL 1450560, at *11 (E.D.N.Y. Apr. 19, 2012). The

overarching principle in this regard is that "Rule 16 was not intended to function as an inflexible straitjacket on the conduct of litigation or to produce an abstract, perfect equivalence between the pretrial papers and the course of litigation; instead, it was intended to insure the efficient resolution of cases and, most importantly, minimize prejudicial surprise." *Lamborn v. Dittmer*, 873 F.2d 522, 527 (2d Cir.1989).

However, it must be kept in mind that "though 'a court may permit the pretrial order to be amended when the danger of surprise or prejudice to the opposing party is small and a failure to amend might result in an injustice to the moving party ... if the evidence or issue was within the knowledge of the party seeking modification at the time of the [pretrial] conference ... then it may not be allowed.'" *Potthast*, 400 F.3d at 153 (quoting 6A Wright & Miller, Federal Practice and Procedure § 1527 (2d ed.1990)) (alterations in original); *see also Katt v. City of N.Y.*, 151 F.Supp.2d 313, 346 (S.D.N.Y.2001) ("Finding a waiver pursuant to Rule 16(e) is particularly appropriate where ... a party knew or should have known of an issue ... yet failed to raise the issue either in a pretrial order or at the final pretrial conference." (emphasis in original)). A final pretrial order "is not to be changed lightly ... [and][t]hat which is not alleged in the Pre–Trial Order is generally deemed waived." *Commerce Funding Corp. v. Comprehensive Habilitation Services*, Inc., No. 01-cv-3796, 2005 WL 1026515, at *6 (S.D.N.Y. May 2, 2005).

To elaborate on the notion of prejudice in this context, when a court evaluates whether prejudice to the opposing side will flow from allowing amendment, the Court must consider "whether the amendment is sought in the midst of trial or on the eve of trial." *Finnish Fur Sales Co. Ltd. v. Furs Unlimited, Inc.*, No. 89-cv-6284, 1992 U.S. Dist. LEXIS 2390, at *3 (S.D.N.Y. Mar. 4, 1992) (internal citations omitted). "However, because the primary purpose of Rule 16 is to minimize prejudicial surprise during trial, ... even an amendment sought at the last minute due

to the movant's lack of diligence may be allowed if it does not significantly prejudice the opposing party." *Helena*, 2009 WL 2355811, at *3; *see, e.g.*, *Finnish Fur.*, 1992 U.S. Dist. LEXIS 2390, at *4 (allowing an amendment to a party's factual allegations in the pretrial order at "the eleventh hour" where party's lack of diligence was balanced against the absence of any significant prejudice to the opposing party).

In sum, a trial court will typically amend the pretrial order when "no substantial injury will be occasioned to the opposing party, the refusal to allow the amendment might result in injustice to the movant, and the inconvenience to the court is slight." *SEC v. U.S. Envtl., Inc.*, No. 94-cv-6608, 2002 U.S. Dist. LEXIS 19839, at *4 (S.D.N.Y. Oct. 17, 2002) (citing Fed.R.Civ.P. 16 advisory committee's note).

### 2. Application to the Facts.

In the Court's view, amending the Joint Pretrial Order is necessary to prevent a manifest injustice. Although it took the Defendant's arguments into heavy consideration and found many of those arguments to be persuasive, if not compelling, the Court cannot ignore the reality that precluding an amendment in this situation would enact a grave prejudice on the Plaintiff. As the Defendant recognizes, denying the Plaintiff's motion would most likely be dispositive on the merits, because he would be forced to prove his disability in the absence of medical evidence. *See* ECF 47 at 10. Considering the Court denied the Defendant's motion for summary judgment, it would be improper to allow the Defendant to reach the same end through a different means. This overarching concern tips the balance in favor of the Court exercising its discretion in the Plaintiff's favor. *See Callari v. Blackman Plumbing Supply, Inc.*, No. 11-cv-3655, 2016 WL 1273237, at *7 (E.D.N.Y. Mar. 31, 2016) (Spatt, J.) ("To deny Defendants the opportunity to present these witnesses at trial would, indeed, amount to significant prejudice and is contrary to the notion that

the parties should enjoy a level playing field at trial."); *Mhany Mgmt. Inc. v. Inc. Vill. of Garden City*, No. 05-cv-2301, 2013 WL 1821113, at \*6 (E.D.N.Y. Apr. 29, 2013) (Spatt, J.) ("To allow th[e] amendment [of the pretrial order] will ... ensur[e] parity between the parties at trial and ensur[e] that the Court, as fact-finder, receives as full, balanced, and complete a factual picture as possible.").

Helping the Court reach its conclusion, the Defendant should not be surprised the Plaintiff desires to introduce the exhibits and witnesses he seeks to add to the Joint Pretrial Order. *See Callari*, 2016 WL 1273237, at \*7 (finding "[a]ny prejudice or surprise" to be "minimal" because the party opposing the motion to amend had "been on notice as to the[] potential witnesses for just under a year"). The Defendant is correct that the Plaintiff never listed the evidence at issue in his Rule 26 disclosures. However, it is also clear that that the Defendant knew the evidence might exist well before the close of discovery, and perhaps before the start of the case. In the Complaint, the Plaintiff specifically cites the August 26, 2014 letter mentioning his meeting with a rheumatologist and cardiologist. On February 13, 2017, the Defendant deposed the Plaintiff regarding his cardiologist and rheumatologist. And on March 21, 2017, the Defendant served on the Plaintiff's doctors a HIPAA authorization granting it access to the Plaintiff's medical records. While the Plaintiff certainly should have made the necessary Rule 26 disclosures, it is simply not the case that the Defendant proceeded throughout the whole case in the dark as to the existence of medical evidence documenting the Plaintiff's disability. Indeed, the Defendant knew full well the identity of the Plaintiff's treating doctors and had access to his medical records.

Based on these facts, the Court has no issue with permitting the Plaintiff to introduce his medical records at trial. The Defendant has been in possession of these documents for over two years and thus would not be prejudiced by their inclusion. The Defendant appears to believe that

these documents do not support the Plaintiff's claim, so the fact that the Defendant supposedly "never attempted to develop a medical defense" does not sway the Court in this regard.

As for the witnesses, while they present a closer question, the Court will allow them to testify, but will also reopen discovery so that the Defendant may depose them. *See Mhany Mgmt. Inc.*, 2013 WL 1821113, at *8 (permitting parties to conduct depositions of additional witnesses added to amended joint pretrial order). The impact of this decision on the Defendant is of course more onerous than the Court's decision regarding the documents, as the Defendant will have to conduct additional discovery and possibly retain a rebuttal expert as a witness. However, the Court notes that the Defendant is not totally without blame for the present situation. Because the Defendant knew the identity of the Plaintiff's treating doctors, nothing prevented it from deposing them. *See* Rule 30(a)(1) ("A party may, by oral questions, depose *any person* . . . without leave of court" (emphasis added)). Further, if the Defendant intended from the outset to attack the Plaintiff's claim by challenging his disability, it should have considered the possibility that it might need to put forward evidence supporting that argument. The Court sees no reason why the Court should be bound by the Defendant's strategic calculation to sit on its hands and forego developing its evidentiary case, especially considering the Defendant had access to the Plaintiff's medical records all along.

Further diminishing the potential prejudice to the Defendant, the trial is not for over six weeks. Considering that the issues to-be-tried are neither particularly numerous nor complex, that should be more than enough time for the Defendant to prepare for the witnesses to testify. *See Mhany Mgmt. Inc.*, 2013 WL 1821113, at *5 (finding "no real prejudice" in amending joint pretrial order seven weeks before trial to include witnesses the defendants had been aware of "for several years").

Nor would their inclusion threaten the orderly and efficient progress of the case. The Plaintiff filed his motion on March 5, 2019, over a month before the at-the-time-scheduled trial date and nearly three months before the currently-scheduled trial date. *See Mhany Mgmt. Inc.*, 2013 WL 1821113, at \*5 (finding motion to amend joint pretrial order "would not disrupt the orderly and efficient progression" of the case when filed three and half months prior to the start of trial). In other words, the Plaintiff did not wait to file his motion until "the midst of trial or on the eve of trial." *Finnish Fur Sales Co. Ltd.*, 1992 U.S. Dist. LEXIS 2390 at \*3.

In addition, "the Court sees no reason to doubt the [Plaintiff's] good faith in seeking this amendment." *Mhany Mgmt. Inc.*, 2013 WL 1821113, at \*5. While the Court is skeptical that the medical issues in his counsel's family can explain the Plaintiff's total failure to disclose the witnesses in a timely manner, the Court does not believe that they engaged in dilatory tactics. At most, these lapses would amount to mere negligence as opposed to bad faith.

For these reasons, the Court finds the cases relied on by the Defendant in opposition insufficiently persuasive to justify denying the Plaintiff the relief requested. In *Eberle v. Town of Southampton*, 305 F.R.D. 32 (E.D.N.Y. 2015) (Spatt, J.), the court declined to permit witnesses omitted from the joint pretrial order when the Plaintiff could not "articulate[] a specific basis for the relevancy of the proposed witnesses," could not explain their failure to include the witnesses in the first place, and there was less than a month between its decision and the trial. *Id.* at 35–36. Similarly, in *Encyclopedia Brown Productions v. Home Box Office, Inc.*, No. 91-cv-4092, 1999 WL 126460 (S.D.N.Y. Mar. 10, 1999), the court barred the addition of six previously unidentified fact witnesses, most or all of whom were overseas, due to mere "threadbare" argument for their inclusion and the "concomitant need for substantial additional proceedings, attendant added

expense and potentially substantial delay." *Id.* at \*4. Unlike these cases, the need to include the proposed witnesses is obvious and the risk of prejudice is minimal.

Finally, the Court will address the Defendant's contention that Rule 37(c) precludes the introduction of the evidence at issue due to the Plaintiff's failure to identify it in his Rule 26(a) disclosures. Importantly, however, preclusion is not the only remedy under Rule 37(c)(1) and "[c]ourts in this Circuit recognize that . . . [it] is a drastic remedy [that] should be exercised with discretion and caution." *Ebewo v. Martinez*, 309 F. Supp. 2d 600, 607 (S.D.N.Y. 2004). The purpose of Rule 37(c) is to prevent the practice of "sandbagging" an opposing party with new evidence, *Ventra v. United States*, 121 F.Supp.2d 326, 332 (S.D.N.Y.2000); *Johnson Elec. N. Am. v. Mabuchi Motor Am. Corp.*, 77 F.Supp.2d 446, 458 (S.D.N.Y.1999), meaning that courts should avoid precluding evidence when unnecessary to advance that goal.

Although the Plaintiff failed to make the necessary disclosures, it is apparent that the Defendant knew of the relevant evidence well before the close of discovery, such that its inclusion at trial does not implicate the concerns normally justifying preclusion under Rule 37(c). *See Rojo v. Deutsche Bank*, No. 06-cv-13574, 2009 WL 3790191, at \*5 (S.D.N.Y. Oct. 30, 2009) (finding plaintiff's failure to disclose witnesses "harmless" because they were "referred to in documents produced in discovery" and "mentioned during the depositions of other witnesses"); *EMI Music Marketing v. Avatar Records, Inc.*, 334 F.Supp.2d 442, 445 (S.D.N.Y.2004) (denying Rule 37(c) preclusion for failure to make Rule 26(a) disclosures where witnesses were identified in pretrial order more than two months before trial and moving party knew of existence and relevance of undisclosed individuals and exhibits previously through discovery process). And because the Defendant may depose the witnesses at issue prior to trial, any remaining prejudice to the Defendant is minimal. *See Rojo*, 2009 WL 3790191, at \*5; *NIC Holding Corp. v. Lukoil Pan*

*Americas, LLC*, No. 05-cv-9372, 2007 WL 1467424, at \*5 (S.D.N.Y. May 16, 2007) (finding any prejudice caused by failure to make adequate Rule 26(a) disclosures "is easily obviated ... by permitting [the plaintiff] to take [the] depositions now" of the previously undisclosed witnesses).

Nonetheless, the Court recognizes that its decision burdens the Defendant to some extent. For this reason, the Court will permit the Defendant to recover attorney's fees from the Plaintiff for expenses (*i.e.*, costs and attorney's fees) incurred from reopening discovery. *See* Rule 37(c)(1)(A).

Therefore, the Court grants the Plaintiff's motion to amend the Joint Pretrial Order and reopens discovery to permit the depositions of Drs. Hamburger, Mazzauchi and Falco, with the Plaintiff to reimburse the Defendant for any additional costs incurred by the reopening of discovery.

### III. CONCLUSION

For the foregoing reasons, it is hereby:

**ORDERED** that the Defendant's motion *in limine* is granted, in part, and denied, in part as set forth above; and it is further

**ORDERED** that the Plaintiff's motion to amend the Joint Pretrial Order is granted; and it is further

**ORDERED** that discovery is reopened to permit the depositions of Drs. Hamburger, Mazzauchi and Falco; and it is further

**ORDERED** that the depositions of Drs. Hamburger, Mazzauchi and Falco shall be taken no later than May 3, 2019; and it is further

**ORDERED** that the Plaintiff shall pay the reasonable expenses incurred by the Defendant due to the reopening of discovery; and it is further

**ORDERED** that the parties shall submit an Amended Joint Pretrial Order on or before May 3, 2019.

It is **SO ORDERED**:

Dated:  Central Islip, New York

April 10, 2019.

___/s/ Arthur D. Spatt_____

ARTHUR D. SPATT

United States District Judge